UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FREDDIE L. DILLARD,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF CORRECTION, JOAN FABIAN, TOM ROY, CAROL ROBERT, MIKE MENKEE, AMY CHAVEZ, JASON RUDOPLH, DERIC JACKSON, DERRICK WIENKEE, DAVE MURRAY, and CHAD JOHNSON,<br><br>    Defendants. | File No. 12-cv-2636 (RHK/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Most of Plaintiff's complaint in this case is incomprehensible. As far as the Court can tell, Plaintiff is a former Minnesota state prison inmate who believes that the parties listed as Defendants in his complaint somehow impeded or delayed his release from prison. Plaintiff also seems to be claiming that Defendants have been wrongfully enforcing the conditions of his supervised release from prison. The complaint refers to numerous statutes and legal doctrines, including the Fair Housing Act, 42 U.S.C. §§ 1981, 1983, and

1985, Title II of the Civil Rights Act of 1964, and Minn.Stat. §§ 241-244. It is impossible, however, to discern why Plaintiff believes the named Defendants have breached any legal duty owed to him under any of those laws.

The inscrutability of Plaintiff's pleading is exemplified by the "Introduction" section of the complaint, which reads as follows:

> 2. This action brings before this Court Defendants for their incessant rejection and obstruction of repeated efforts to deny plaintiff of the State of Minnesota equal opportunity to release. following the completion of his two-thirds and to fix it anew within the period for infractions of the rules imposed by the commissioner.
>
> 3. Defendants have an extended and well-documented history of concentrating minorities (convicted felons) in denying release out of actual custody; U.S. Code defines criminal conspiracy as two or more individuals conspiring to 'injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.', in Ramsey County, Minnesota in violation of Civil Rights Act.
>
> 5. [sic] Mr. Dillard contends the Defendants failed to create a cause of action, where supervised release was not a prescribe punishment imposed by the legislature for the offense charged.
>
> 6. Defendants knew or should have known that the disqualifying Mr. Dillard without following the procedures of supervised release, Minn.Stat. 401.02, subd.2(j). Dillard contends that because he was not on status of conditional release he was entitled to release following May of 2009 and up to this date, or would violated the law whether Mr. Dillard was part of a minority class 'convicted felons'. Denying him the same full and equal enjoyment of the goods, services, facilities, and privileges, advantages, and accommodations of any place of public accommodation without disadvantaging him. Compromised equal protection of the laws, and civil rights violation under the laws of the United States.
>
> 7. Plaintiff see [sic] damages, as well as declaratory and injunctive relief compelling Defendants to, among other things, (i) vacate and set-aside supervised release, sex offender treatment, assessment, polygraph, intermediate sanctions, like face to face contacts, random breath, and urinalysis testing, random searches without a warrant, and invasion of privacy (ii) vacate set-aside End of Confinement Review Committee, and

2

Hearing and Release Unit adjudication of sex offender predator registration. (Complaint, [Docket No. 1], pp. 2-3.) The rest of Plaintiff's complaint is equally obscure.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief because it does not allege a set of specific historical facts that would, if proven true, entitle Plaintiff to any judgment against any of the named Defendants under any conceivable legal theory. The complaint does not describe anything that any individual Defendant actually did (or failed to do) that could be viewed as a violation of any of the laws cited in the complaint. Indeed, none of the Defendants is even mentioned by name in the

3

substantive allegations of Plaintiff's complaint.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff has presented only vague and conclusory allegations; he has not presented an intelligible description of any specific historical events. The complaint does not describe any specific acts or omissions by any of the individually named Defendants that could entitle Plaintiff to legal redress under any statute or common law doctrine. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

[Continued on next page.]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 23, 2012

      s/ *Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge

*Dilliard v. Minnesota Department of Correction et al.*
File No. 12-cv-2636 (RHK/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 7, 2012.