# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Freddie Louis Dillard,	Civil No. 12-2636 (RHK/TNL)

        Plaintiff,	**ORDER**

v.

Minnesota Department of Correction,
Joan Fabian, Tom Roy, Carol Robert,
Mike Menkee, Amy Chavez, Jason Rudolph,
Deric Jackson, Derrick Wienkee, Dave Murrary,
and Chad Johnson,

        Defendants.

---

This matter is presently before the Court on Plaintiff's application for leave to proceed <u>in forma pauperis</u> ("IFP") on appeal (Doc. No. 14). The Court finds that Plaintiff's IFP application cannot be granted, because he is a prisoner who is subject to the "three-strikes rule" set forth at 28 U.S.C. § 1915(g).

Section 1915(g) states that –

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota.[1] Furthermore, Plaintiff has brought three prior actions in this District, while he was in prison, which were dismissed for failure to state an actionable claim for relief. Each of those cases was expressly identified as a "strike" for purposes of § 1915(g). See <u>Dillard v. Ashland</u>, Civil No. 09-1564 (JNE/JJG), (Order dated May 4, 2010, (Doc. No. 27)); <u>Dillard v. State Department of Corrections</u>, Civil No. 09-2061 (JNE/JJG), (Order dated October 27, 2009), (Doc. No. 17)); <u>Dillard v. City of St. Paul</u>, No. 09-2154 (JNE/JJG), (Order dated January 27, 2010; (Doc. No. 19)).

There is nothing in Plaintiff's submissions which suggests that his current appeal involves any claim of "imminent danger of serious physical injury." As far as the Court can tell, Plaintiff is attempting to challenge some aspect of his supervised release under Minnesota state law. Plaintiff obviously believes that Minnesota prison authorities are mishandling his supervised release, but there are no credible allegations suggesting that he is currently exposed to any specific threat of serious <u>physical</u> injury. Therefore, Plaintiff is <u>not</u> exempt from the § 1915(g) three-strikes rule.

The Court of Appeals has held that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed <u>in forma pauperis</u>." <u>Lyon v. Kroll</u>, 127 F.3d 763, 765 (8th Cir. 1997). Therefore, while Plaintiff's application for leave to proceed IFP on appeal will be denied, he can still pursue his appeal in this case if he pays the normal $455 filing fee for the appeal.

---

[1] Plaintiff apparently was not incarcerated when he commenced this action, but it clearly appears that he was incarcerated when he filed the appeal for which he is seeking IFP status. (See Notice of Appeal, (Doc. No. 11), p. 12.) Because § 1915(g) applies to a prisoner who seeks a IFP status for an appeal, Plaintiff's current IFP application is subject to that statute.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis on appeal (Doc. No. 14) is **DENIED** pursuant to 28 U.S.C. 1915(g).

Dated: January 18, 2013

                                                   s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge